[Civ. No. 3542. First Appellate District, Division One.—November 3, 1920.]

SAMUEL BRASK et al., Plaintiffs and Respondents, v. GEORGE W. COX et al., Defendants and Respondents; MARCELLUS VERMONT PEARSON, a Minor, etc., et al., Appellants.

[1] QUIETING TITLE—VALIDITY OF A DEED FROM HUSBAND TO WIFE—ABSENCE OF FRAUD—SUFFICIENCY OF EVIDENCE.—On this appeal from a judgment in an action to quiet title involving the sole question as to the correctness of the findings with reference to the nature of a deed made by a husband to a wife, which was claimed to have been made for the purpose of defeating a claim for personal injuries, the evidence is held sufficient to sustain such findings, which were against the alleged fraudulent character of the conveyance.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Berlin for Appellants.

J. E. Hood for Plaintiffs and Respondents.

Chas. E. Snook for Defendants and Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiffs quieting their title to certain lands located in the county of Alameda. The facts of the case, in so far as they are undisputed, may be briefly summarized as follows:

On the tenth day of June, 1915, one H. A. Thomas, while driving an automobile upon one of the streets in the city of Oakland, ran into and severely injured a minor, named Marcellus Vermont Pearson, who was riding a bicycle along said street at the said time. Thereafter and on January 13, 1916, the said minor by his guardian *ad litem* commenced an action against said H. A. Thomas in the superior court of said county to recover damages for the injuries which said minor had sustained. That cause went to trial, with the re-

sult that on the thirty-first day of July, 1916, a judgment was rendered, entered, and docketed in favor of the plaintiff in that action for the sum of $1,000 and costs. Thereafter and on January 25, 1918, at the instance of said plaintiff, an execution was issued in said action, directed to the sheriff of said county, with instructions to levy upon the property of the defendant therein, and acting thereunder said sheriff levied said execution upon the real property involved in the present action, and on the eleventh day of March, 1918, and after due and legal notice of the time and place of sale, sold all of the right, title, and interest of said H. A. Thomas in said real estate to one Frances Fowler, who was the highest bidder at said sale, for the sum of $1,179.12, and issued to said Frances Fowler his certificate of sale therein, which was duly recorded on the twelfth day of March, 1918, in the office of the county recorder of said county. Thereafter and on the twenty-first day of December, 1918, said Frances Fowler transferred said certificate of sale to Lulu E. Jordan, as the guardian of said Marcellus Vermont Pearson, which transfer was also duly recorded; that, pursuant to said certificate of sale and of the transfer thereof, said Lulu E. Jordan, as said guardian of said minor, would on the twelfth day of March, 1919, have been entitled to a deed from the said sheriff of the county of Alameda to all of the right, title, and interest of said H. A. Thomas in and to said real property. In order to prevent the said sheriff from proceeding with the execution of said deed, and to quiet the title of the plaintiffs herein against the effect of said judgment and execution sale, the present action was instituted. The chain of title upon which the plaintiffs herein rely to sustain this action is as follows:

On or about January 20, 1914, Priscilla Frances Thomas, being the owner of all of the premises involved in this action and of much other property, died testate in the county of Alameda, state of California. By the terms of her last will and testament she devised certain of her properties, including the premises in question, to certain trustees, with full power to mortgage and sell any and all portions of said trust property, and to apply the proceeds thereof to certain purposes declared in her said will. The trust thus created was to continue in force and effect during the natural life of her surviving husband, John H. Thomas, and

upon his death the properties remaining in the hands of said trustees were to go to her five children share and share alike. At the time of the death of said Priscilla Frances Thomas there was an outstanding mortgage covering the property involved in this action and other properties in favor of George W. Cox and Louise Viola Cox (the latter a daughter of said decedent) for the sum of $10,650. Subsequent to the death of said decedent a settlement was brought about between the said children and heirs of said decedent and her surviving husband, John H. Thomas, by which the latter was given a portion of the property of said estate absolutely, and in consideration of which he released all claim to any interest in the balance of said estate. Thereafter and on August 28, 1917, the said John H. Thomas and all of the said heirs of said decedent, including H. A. Thomas and his wife, Hannah C. Thomas, and also the trustees of her said estate under said will, executed and delivered a deed to said George W. Cox and Louise V. Cox, his wife, covering the real estate described in said mortgage. In the meantime, and on the fourteenth day of October, 1915, said H. A. Thomas had made, executed, and delivered to his wife, Hannah C. Thomas, a deed of gift to all of the property involved in the present action which would have constituted his share of the property of his deceased mother, which said deed of gift was recorded on February 2, 1916. Thereafter said George W. Cox and Louise V. Cox applied to the probate court in which the matter of the estate of said decedent was pending for a decree of distribution to them of the property described in said deed. Thereafter and on the third day of January, 1918, the said George W. Cox and Louise V. Cox conveyed the premises involved in this action to the plaintiffs herein, and thereafter and on September 30, 1918, commenced the present action to quiet their title against George W. Cox and Louise V. Cox, their grantors in said deed, and also against Marcellus Vermont Pearson and his guardian, Lulu E. Jordan, the object of said suit being to quiet the title of said plaintiffs against all of said defendants. The said plaintiffs a short time thereafter also commenced an action against Frank Barnett, as sheriff of the county of Alameda, and Lulu E. Jordan personally and as guardian *ad litem* of Marcellus Vermont Pearson, the object of said last-named action being to enjoin the said sheriff from the

execution of a deed by him to said Lulu E. Jordan, as guardian *ad litem* of Marcellus Vermont Pearson, in accordance with the terms and conditions of the aforesaid execution sale.

The defendants George W. Cox and Louise V. Cox appeared in the present action, and filed a cross-complaint against the plaintiffs therein, and also against their codefendants, alleging that as to certain of the properties described in the complaint in this action they were still the owners thereof, and praying that as to such portion of said property their title be quieted both as against said plaintiffs and against their said codefendants. The other defendants herein also appeared to contest both the claims of the plaintiffs and of their codefendants, and to assert the validity of said execution sale and of the right of said Lulu E. Jordan, as guardian *ad litem* of Marcellus V. Pearson, to have the judgment obtained by her in said former action established, and her rights under said execution sale sustained as against whatever interest in said real estate the said plaintiffs through their said codefendants had secured in and to the interest of said H. A. Thomas in the estate and properties of his deceased mother, Priscilla Frances Thomas. In support of their said assertion the last-named defendants, both in their answer to the original complaint and to the cross-complaint of their codefendants, affirmatively averred that the aforesaid deed of gift from said H. A. Thomas to his wife Hannah C. Thomas was made without consideration and while the said H. A. Thomas was insolvent, and was made and executed by him for the sole purpose of defeating the effort of said Lulu E. Jordan, as guardian aforesaid, to obtain and enforce a judgment in favor of said Marcellus V. Pearson for damages for said injuries; and further alleging that at the time said judgment was obtained and docketed and the said execution thereon issued and levied, the said H. A. Thomas was the owner of all of said property which had been derived by him from the estate of his deceased mother, and that as to such property the said Lulu E. Jordan, as guardian *ad litem* etc., was entitled to have her said judgment and execution thereof and sale thereof sustained.

Upon the trial and submission of the cause upon the issues thus framed the trial court made its findings of fact wherein,

after a recital of the foregoing facts relating to the chain of title to the several properties involved in the action, it proceeded to hold that as to the defendants and cross-complainants George W. Cox and Louise V. Cox they were entitled to a judgment quieting their title to the portion of said premises to which they asserted title in their answer and cross-complaint, both as against the plaintiffs herein and as against their codefendants Lulu E. Jordan, and Lulu E. Jordan as guardian *ad litem* of Marcellus V. Pearson. The trial court further proceeded to find that the said plaintiffs were entitled to have their title as to the remaining portion of the premises described in their complaint quieted as against all of said defendants. Judgment was accordingly entered in favor of George W. Cox and Louise V. Cox quieting their title as to the portion of the property claimed by them, and in favor of the plaintiffs quieting their title as to the remainder of said property as against all of said defendants. From this judgment the defendant Lulu E. Jordan, as guardian, etc., has prosecuted this appeal.

The sole question urged by said appellant upon this appeal relates to the correctness of the findings of the trial court with respect to the conveyance made by H. A. Thomas to his wife Hannah C. Thomas on October 14, 1915, which were in substance that said deed, although in form a deed of gift, was in truth and fact a transfer for a valuable consideration, conveying to said Hannah C. Thomas all of the right, title, and interest of said H. A. Thomas in and to his share of the estate of Priscilla Frances Thomas, deceased; and that said deed was not made for the purpose of defrauding said Marcellus V. Pearson or his guardian *ad litem* as to any rights existing in them or either of them by virtue of the injuries suffered by the former through the negligence of said H. A. Thomas and for which suit had not been commenced at the date of the execution of said deed. It is the appellants' contention that the evidence in the case is insufficient to sustain the findings of the trial court in the above regard, and hence that the judgment herein, in so far as it purports to quiet the title of both the plaintiffs and the cross-complainants herein to the properties covered by said execution sale should be reversed.

[1] We have carefully examined the record in the case for the purpose of determining the merits of this conten-

tion, and without attempting to set it forth in detail we are of the opinion that there is ample evidence to support the findings of the trial court with respect to the validity of the conveyance from H. A. Thomas to his wife, Hannah C. Thomas. If said conveyance is to be held valid it follows necessarily that the subsequent conveyance made on August 28, 1917, by the surviving husband and heirs of said Priscilla Frances Thomas, including H. A. Thomas and his wife, Hannah C. Thomas, and also including the trustees under the said will of said deceased, transferring the title of all of the premises affected by this action to George W. Cox and Louise V. Cox, is also beyond attack; and it further follows necessarily that whatever equities might exist as between the grantors and grantees of said deed other than said Hannah C. Thomas, the said grantees acquired whatever title she held by virtue of the conveyance from H. A. Thomas to her free and clear of any claim which the appellants herein as creditors of said H. A. Thomas might assert through the rendition of the judgment in their favor in the action for damages brought against him and through any levy or sale subsequently made thereunder.

In arriving at this conclusion we have not found it necessary to review the authorities which the appellants cite in support of their claim with respect to the fraudulent nature of the deed from H. A. Thomas to his wife, for the reason that conceding said authorities to correctly state the law the findings of the court to the effect that said deed was not fraudulent take the case out of the range of the appellants' said authorities.

The only error assigned by the appellants herein being that above disposed of, it follows that the judgment must be affirmed, and it is so ordered.

Waste, P. J., and Beasly, J., *pro tem.*, concurred.